## Hawkins *et al. versus* Weightman.

1. In covenant against H. and D. on ground-rent deed the sheriff returned "served" as to D., and "*Nihil*" as to H.: judgment by default was taken against D. On an alias against H. he returned "Served, by posting a copy of the writ on the premises, and advertising, &c., in a daily newspaper, agreeably to the Act of Assembly, &c., and "*Nihil*" as to the defendant. Judgment was taken for want of appearance after two "*Nihils*." *Held* a good judgment.

2. Under the Act of April 8th 1840, it is not necessary that the return should state expressly that there was no tenant on the premises.

3. The return by sheriff that he posted a copy of the writ, is an affirmance that there was no tenant on the premises.

4. If there was a tenant in fact on the premises, the sheriff was liable for a false return.

February 26th 1872. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 44, to January Term 1872.

On the 21st of February 1871, William Weightman commenced an action of covenant on a ground-rent deed against John C. Hawkins and Peter A. Dickinson. The sheriff returned:

"'Served,' by leaving a true and attested copy of the within writ, at the dwelling-house of Peter A. Dickinson, one of the defendants, with an adult member of his family, on March 2d 1871, and 'Nihil habet,' as to John C. Hawkins, the other defendant." Judgment was taken May 20th 1871, against Dickinson, for want of an affidavit of defence.

On the 4th of April 1871, an alias summons was issued: "Wil-

---

* The reporter regrets that he could not without extending the report of this case too greatly, give such a synopsis of the able and exhaustive arguments of the counsel as would do justice to them or to the case.

[Hawkins *v.* Weightman.]

liam Weightman *v.* John C. Hawkins, who was sued with Peter A. Dickinson, and as to whom the sheriff returned 'Nihil habet.' " To this writ the sheriff returned " ' Served,' by posting a true and attested copy of the within writ, on the premises herein described, on April 20th 1871, and by advertising the same once a week for two weeks in the ' Evening Telegraph,' a daily newspaper published in this city, agreeably to the Act of Assembly in such case made and provided, and an abstract in the 'Legal Intelligencer.' And ' Nihil habet ' as to the defendant."

On the 20th of May 1871, judgment was taken "for want of an appearance on two returns of ' *Nihil habet*,' " and damages assessed at $264.34.

A fieri facias No. 361, and a venditioni exponas No. 682, to June Term, were issued on the above judgment, and the land sold to William Ernst.

On the 15th of July 1871, the defendants obtained a rule to set aside judgment, inquisition on fieri facias and venditioni exponas, and to withhold deed in hands of prothonotary from record. September 18th 1871, the rule was discharged.

The defendants took a writ of error. Their assignment of error was : The court below erred in entering judgment against John C. Hawkins, for want of an appearance on the return made by the sheriff to the alias summons in covenant.

The Act of April 8th 1840, sect. 1, Pamph. L. 249, 1 Br. Purd. 751, pl. 14, provides, that in actions of covenant on a ground-rent deed, if the sheriff shall return " *Nihil*," the plaintiff may issue an alias summons, and if that be returned " *Nihil*," the two returns of " *Nihil*" shall be equivalent to actual service of the writ, as is the practice in cases of scire facias on judgments and mortgages, with the proviso that " it shall be the duty of the said sheriff or other officer to give notice of the said *alias* writ, by serving a copy thereof on the tenant in possession of the premises, if any, or if there be no such tenant, by posting a copy of the same on some conspicuous part of the premises, at least ten days previous to the return-day thereof, and also by publication in one or more newspapers, in such manner and for such time as the court by rule or otherwise shall direct."

The Rule 19 of the District Court says : " Publication of the *alias* writs of summons, required by the Act of Assembly, &c., shall be made by the sheriff, in such daily newspaper as he may choose, once a week for two successive weeks prior to the return-day of such writ."

*G. S. Selden* (with whom was *T. J. Clayton*), for plaintiffs in error.

*F. S. Simpson* (with whom was *R. J. C. Walker*), for defendant in error.

[Hawkins *v.* Weightman.]

The opinion of the court was delivered, March 4th 1872, by

SHARSWOOD, J.—The judgment below was entered on a return of two nihils in an action of covenant on a ground-rent deed for want of appearance. The Act of April 8th 1840, Pamph. L. 249, declares that in all such actions the "returns of two nihils shall be in all respects equivalent to actual service" of the writ of summons, "as is now the practice in cases of scire facias on judgments and mortgages." "Provided, however, that it shall be the duty of the said sheriff or other officer to give notice of the said *alias* writ by serving a copy thereof on the tenant in possession of the premises, if any, or if there be no such tenant, by posting a copy of the same on some conspicuous part of the premises, at least ten days previous to the return-day thereof, and also by publication in one or more newspapers, in such manner and for such time as the court, by rule or otherwise, shall direct." The return to the alias summons in this case was "served by posting and publication, and *nihil habet* as to defendant." It is contended that this return is fatally defective in not stating on its face that there was no tenant in possession of the premises. But it being made the duty of the sheriff to serve the writ on the tenant in possession, if any, and he being authorized by the law only in case there is no such tenant, to post a copy of the writ, his return that he did so post it, is a direct affirmance that there was no such tenant, as much so as if it had been expressly stated. The tenant in possession or other party aggrieved could maintain an action against him for a false return. On the facts supposed, the law did not authorize him to post the writ and return a service in that way. It was, therefore, a false return. It follows that the return is sufficient on its face, and the judgment for want of appearance perfectly regular.

Judgment affirmed.